UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM BANKHEAD,

                              Petitioner,

        -against-

WARDEN, GMDC JAIL,
New York City Department of Corrections

                             Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-5699 (NGG) (MDG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On November 29, 2010, Petitioner pro se William Bankhead ("Bankhead"), then incarcerated at Rikers Island, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. (See Pet. (Docket Entry #1).) Bankhead's petition does not clearly identify his date of conviction, the charges he was convicted of, or the sentence he received. For example, Bankhead notes that his date of judgment of conviction was "about 6/27/10," and describes the nature of his offense as "disorderly conduct, but [I] think it's also domestic violence & contempt." (Id. at 1.) As for the length of his sentence, Bankhead writes "not sure but I believe it's a promise of a batterer's program for 12 months, failure being sentenced to 24 month jail." (Id.) (so in original). Bankhead admits in his petition that he did not appeal his conviction (see Pet. at 1), but explains that he failed to do so "as jurist blocked attempt to any appeal by not sentencing me or doing anything on case," (id.). Later in the petition, Bankhead similarly claims that the "[j]udge has blocked further proceedings, e.g., sentencing or hearing, by doing nothing." (See Pet. at 3.)

Despite the lack of clarity in Bankhead's petition, the court construes his pleadings liberally and interprets them to raise the strongest arguments that they suggest because he is

1

proceeding pro se. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Nevertheless, for the reasons set forth below, Bankhead's petition is dismissed without prejudice.

## I. BACKGROUND[1]

In August 2009, Bankhead entered into a domestic partner relationship with a woman named Silda Ramirez ("Ramirez"). (See Docket Entry # 1-3 at 1.) The relationship began as a business arrangement, although Bankhead initially enjoyed spending time with Ramirez and her two daughters. (Id. at 2.) By November 2009, however, the relationship had soured, and Ramirez began falsely accusing Bankhead of various crimes. (Id. at 3.) For example, on December 5, 2009, Ramirez filed a false police report claiming that Bankhead beat her while they were inside their apartment. (Id. at 6.) On December 6, 2009, Ramirez appeared in Family Court and accused Bankhead of thirteen family offenses, including forcible sexual touching and threatening Ramirez and her daughters. (Id. at 8.) An Order of Protection was subsequently issued against Bankhead. (Id.)

On May 6, 2010, Ramirez filed an additional false police report with two police officers that she befriended, claiming that Bankhead had entered her place of employment and shoved her. (Id.) On May 20, 2010, Ramirez filed more false charges with the same police officers and those officers "pursued [Bankhead's] arrest" for violating the Order of Protection. (Id. at 10-11.) On June 7, 2010, the day that Bankhead was to appear in Family Court, he was "finally arrested by [the same officers] on the May 2010 charges."[2]

From June 7, 2010 until June 27, 2010, Bankhead was apparently incarcerated at Rikers Island pending his appearance in criminal court. (See id. at 15.) While incarcerated, Bankhead was denied proper medical treatment despite his well-documented illnesses, including cancer,

---

[1] For the purposes of this Order, the court assumes the truth of Bankhead's lengthy narrative of the events that occurred between August 2009 and June 2010.

[2] Bankhead does not indicate which May 2010 charges he refers to or the nature of those charges.

2

Hepatitis-C, HIV, high blood pressure, torn ligaments, and a fractured foot. (Id.) On approximately June 27, 2010, Bankhead pleaded guilty to the charges against him "in order to save [his] life," with the promise by the District Attorney that he would be sentenced to a batterer's and drug program. (Id.) Upon release from prison, Bankhead went to the hospital "and thereafter several other emergency rooms for continued [medical] treatment." (Id.) Subsequently, Bankhead "voluntarily surrendered upon a bench warrant for not attending the court ordered program." (Id.)[3]

Bankhead's lengthy narrative of the events preceding his arrest and conviction does not provide any facts about the events that took place after he failed to attend the court-ordered batterer's program. It appears that Bankhead was rearrested for Criminal Contempt in the Second Degree in violation of New York Penal Law § 215.50, and again imprisoned from September 23, 2010 until his release on March 18, 2011. (See Pet. at 1); N.Y.C. Dep't of Corr. Inmate Service Lookup, http://a072-web.nyc.gov/inmatelookup/inmateDetailAction.do?bookcasenumber=9001001274 (last visited Mar. 29, 2011). It does not appear that Bankhead was ever convicted of this charge.

In the instant petition for habeas corpus, Bankhead asserts three grounds for relief. First, he claims that his conviction was obtained by a "plea of guilty that was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequence of the plea." (Pet. at 4.) Second, Bankhead claims that he was denied the effective assistance of counsel because his counsel "never told me the charges or gave me anything prior to guilty plea for me to study or [com]prehend." (Id. at 1, 4.) Finally, Bankhead asserts that he was denied his right of appeal. (Id. at 4.) Bankhead does not clearly articulate the basis for this third ground for

---

[3] Apparently, Bankhead did not attend the program because his health insurance would not pay for it and he would have had to bear the expense on his own, which he was never informed of prior to his guilty plea. (See Docket Entry # 1-3 at 30.)

3

relief; it appears, however, that he claims to have been precluded from appealing because a sentence was never imposed on him after his imprisonment for contempt for failing to attend the court-ordered program. (Id. at 1, 3.)

## II. DISCUSSION

A federal court may not grant a writ of habeas corpus to a prisoner in state custody "unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Bankhead's petition for habeas relief is premature and must be dismissed because he has not exhausted his available state court remedies. To the extent that Bankhead is challenging his June 27, 2010 conviction and sentence to the court-ordered program on the grounds that his guilty plea was unlawfully obtained and his counsel was ineffective, he must first exhaust these claims utilizing the New York State appellate review process. Bankhead has not presented, nor does the court find, any legitimate reason why Bankhead cannot appeal this conviction and sentence to the New York State Appellate Division and the New York Court of Appeals. Additionally, to the extent that Bankhead is challenging his subsequent re-arrest and imprisonment for criminal contempt for failing to attend the court-ordered program, this claim is not amenable to habeas relief because (i) it does not appear that Bankhead was ever convicted of this charge, and (ii) Bankhead has since been released from state custody. See 28 U.S.C. § 2254(a) (requiring a petitioner for habeas relief to be "in custody pursuant to the judgment of a

4

State court"). Accordingly, Bankhead's petition is premature and must be dismissed. 28 U.S.C. § 2254 (b)(1)(A), (c).[4]

## III. CONCLUSION

For the foregoing reasons, Bankhead's petition for habeas corpus is DENIED without prejudice. A certificate of appealability will not issue because Bankhead has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
April 28, 2011

NICHOLAS G. GARAUFIS
United States District Judge

---

[4] A petition dismissed for failure to exhaust state court remedies does not count for the purpose of determining whether a future petition is second or successive. See Camarano v. Irvin, 98 F.3d 44, 47 (2d Cir. 1996) ("a petition filed after a prior petition is dismissed without prejudice for failure to exhaust state remedies is not a 'second or successive' petition within the meaning of [§] 2244.").

5